Niblo v. UBS Global Asset Management (Americas), Inc., et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            **Chief Judge**,
            PIERRE N. LEVAL,
            GUIDO CALABRESI,
                            **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
JOHN NIBLO,
        **Plaintiff-Appellant**,

        -v.-                                          12-1650

UBS GLOBAL ASSET MANAGEMENT
(AMERICAS), INC.; DILLON READ CAPITAL
MANAGEMENT LLC; and UBS SECURITIES
LLC,
        **Defendants-Appellees**,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                  Jeffrey Lew Liddle (Marc Adam
                                Susswein, Sherry Melissa Shore,
                                *on the brief*), Liddle &
                                Robinson, LLP, New York, New
                                York.

1

**FOR APPELLEES:**            Lloyd B. Chinn (Adam Michael
                             Lupion, *on the brief*), Proskauer
                             Rose LLP, New York, New York.

     Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

     John Niblo appeals from the judgment of the United States District Court for the Southern District of New York (Batts, <u>J.</u>), dismissing his Complaint.  Niblo, a former employee of UBS Global Asset Management (Am.), Inc. ("UBS GAM"), alleges that he was unlawfully denied payment under a severance plan administered by UBS GAM in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). He argues that the district court erred in dismissing his claim and refusing to let him amend his Complaint to cure deficiencies.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     1.   "The notice of appeal must . . . designate the judgment, order or part thereof being appealed."  Fed. R. App. P. 3(c)(1)(B).  "While we may construe the rules liberally, we do not have the authority to waive the jurisdictional requirements of this rule."  <u>New Phone Co., Inc. v. City of New York</u>, 498 F.3d 127, 130 (2d Cir. 2007) (citing <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 317 (1988)).  "Our jurisdiction . . . depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notices of appeal."  <u>Id.</u> at 131.  Niblo could not have intended to appeal the district court's decision on the motion for reconsideration because the district court decided that motion *after* Niblo filed the Notice of Appeal.  The arguments raised in the motion for reconsideration are wholly different than those raised in response to the motion to dismiss.  We therefore lack appellate jurisdiction over arguments not raised in the opposition to the motion to dismiss.

2. The arguments Niblo made below in opposition to the motion to dismiss are waived because Niblo has not briefed those arguments. <u>See</u> <u>Zhang v. Gonzales</u>, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (holding that issues not argued in the briefs are waived on appeal).

For the foregoing reasons, and finding no merit in Niblo's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK